## Morgan & Rogers v. The Hawkeye Ins. Co.

**Pleading:** CONFESSION AND AVOIDANCE.   While, if new matter is pleaded in avoidance, there should be in the same count a confession that but for such new matter the action could be maintained, yet such confession may be by implication as well as directly.

*Appeal from Jasper District Court.*

TUESDAY, OCTOBER 21.

ACTION upon a policy of insurance to recover for the loss sustained by the burning of the property insured.   A demurrer to the answer was sustained and from the judgment thereon defendant appeals.   The facts of the case are stated in the opinion.

*Louis Ruttkay, Ryan & Ryan,* and *Phillips & Phillips* for the appellant.

*Winslow & Wilson* for the appellee.

BECK, Ch. J. — The first count of defendant's answer admits the execution of the policy sued on, and that the property insured was injured by fire, but denies the allegations of the petition as to the extent of loss thereby.   It avers that the policy had expired before the loss occurred, and denies that it was renewed.   The second count avers that there was other insurance on the property contrary to the conditions of the policy; the third, that no payment in cash or by note of the

premium for renewal was made, which under the conditions of the policy was required; the fourth, that the action is barred because it was not commenced within the time fixed by the contract; and the fifth, that the building was used without the consent of defendant for purposes forbidden by the policy, and that the loss occurred through the gross negligence of plaintiffs. The plaintiffs demurred to all the counts of the answer except the first, on the grounds that the existence of the contract and the liability of the defendant, but for the matters alleged therein, are not admitted, and that the counts deny the existence of the contract, and, at the same time, seek to avoid it by the matters pleaded. The demurrer was sustained, and this ruling is assigned for error here.

Contradictory defenses may be pleaded to an action, Rev. § 2937. But they must be set out in separate counts or divisions of the answer, each of which must be sufficient in itself to present the defense intended to be pleaded. Rev. § 2882. A count, as the rule is well stated by plaintiff's counsel, may not contain contradictory defenses; as a denial of the contract and the allegation of facts avoiding it. If new matter is pleaded in avoidance, there should be, in the same count, either directly or by implication, a confession that, but for such new matter, the action could be maintained. *Anson* v. *Dwight*, 18 Iowa, 241.

In our opinion the counts demurrred to, each by implication clearly admit that, but for the defenses therein separately pleaded, the action could be maintained. It would not be doubted if these counts stood alone, without the first count that no other interpretation could be put upon them. This proposition is too plain to admit of discussion. It thus appears that, as required by Revision section 2882, each count is sufficient in itself to present the matters of defense therein, respectively, relied on, for each, by itself, must be regarded as admitting the contract and defendant's liability, but for the defense set up therein. We conclude that the demurrer was improperly sustained.

Reversed.