THE McCORMICK HARVESTING MACHINE COMPANY V. JACOBSON.

1. **Evidence:** CROSS-EXAMINATION. Evidence elicited in cross-examination, and which is in no manner and to no extent connected with the evidence given by the witness upon his examination in chief, is properly stricken out. (See opinion for instance.)

2. **Promissory Note**: CONSIDERATION: BURDEN OF PROOF. Where in an action upon a promissory note the defendant relies upon a failure of consideration, he has the burden to establish such defense, since all written contracts import a consideration. (Code, sec. 2113.)

3. **Instructions**: AS TO FACTS GENERALLY KNOWN. The price of mowers at a certain time, and the condition of the weather and the roads, are not facts resting in the knowledge of all men, and of which a jury may take notice without evidence; and an instruction to the contrary effect was properly refused.

4. **Attorney's Fees**: TAXATION: AFFIDAVIT. Chapter 185, Laws of 1880, requiring an affidavit to be filed before an attorney's fee is taxed, does not relate to contracts made before it took effect.

5. **Attachment**: APPEAL: DISSOLUTION BY OPERATION OF LAW. Where there is judgment against the plaintiff in an attachment case, and he fails to appeal within two days thereafter, the attachment is dissolved by operation of law. (Code, secs. 3019, 3020); and where the cause is remanded for a new trial, which results in a judgment for plaintiff, it is error to order a special execution for the sale of the attached property.

*Appeal from Story District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, MAY 20, 1889.

ACTION upon a promissory note. There was a judgment on a verdict for plaintiff. Defendant appeals. The case has before been in this court. See 73 Iowa, 546.

*George A. Underwood*, for appellant.

*O. L. Binford* and *J. H. Bradley*, for appellee.

BECK, J.—I. The questions raised by defendant will be considered in the order of their presentation by counsel, and the facts involved in each will be stated in our consideration thereof. A witness for plaintiff, who signed the note as a witness to defendant's signature, after having testified that he saw defendant sign the note, was asked upon cross-examination if he had on the same day any other transaction with defendant. He replied that he sold

1. EVIDENCE: cross-examination.

defendant a mower for sixty-five dollars. This evidence was stricken out, as not being properly elicited upon cross-examination. This ruling is the ground of defendant's first objection. We think it is clearly correct. The evidence elicited by the question in no manner and to no extent was connected with the evidence given by the witness upon his examination in chief.

II. The district court held, by instructions to the jury, that the burden of proof was on defendant to show that the note was without consideration.

**2. PROMISSORY note: consideration: burden of proof.** Counsel for defendant insist that the burden rested on plaintiff to show that there was a consideration for the note. All contracts in writing import a consideration. Code, sec. 2113. A signature to a written instrument is deemed genuine and admitted in evidence without proof, unless it be denied in a pleading under oath. *Id.* sec. 2730. It is plain that, if the signature be established, the instrument imports a consideration. The plaintiff may recover, unless a want of consideration is found. The defendant in this case pleaded two defenses: (1) That the signature to the note was not made by him; (2) that there was no consideration for the note. There is no question as to the burden of proof of the signature. It rests on plaintiff. When the signature is established by proof, as well as admitted by a failure to deny it, the note is deemed valid, and under Code, section 2113, implies a consideration. The plaintiff, upon the issues in this case, could have relied upon the evidence introduced to prove the signature genuine. The jury were authorized to find that there was a consideration, in the absence of proof that there was none. If, therefore, there was no proof as to consideration offered, plaintiff was entitled to recover. It therefore clearly appears that the burden of proof as to the consideration rested on defendant, and not on plaintiff.

III. The defendant requested the court to give an instruction in the following language: "Facts which are notoriously known, and within the knowledge of the jury, as well as others in general, need not be proved, but may be

**3. INSTRUCTIONS: as to facts generally known.**

taken notice of by the jury without being proved." This instruction was refused, whereof defendant now complains. The facts to which the instruction relates, which defendant claims were within the knowledge of the jurors, and known by people generally, are claimed to be the price of mowers when the note in suit was given, and the condition of the weather and the roads. These are not facts resting in the knowledge of all men, which may be considered without proof. No rule of law sanctions the instructions asked by defendant.

IV. Counsel complains on the ground that an attorney's fee was taxed without the affidavit required by section 3, chapter 185, Acts of Eighteenth General Assembly. The act applies to contracts made after it took effect. Section 2. The note in suit was made before.

4. ATTORNEY'S fees: taxation: affidavit.

V. The district court ordered a special execution against the real estate attached in the action. Of this defendant complains, claiming that under Code, sections 3019, 3020, an appeal in the case not having been taken within two days after the judgment, the attachment was dissolved by operation of law, and therefore no special execution could have been issued for the sale of the attached land. The position is well taken. The sections of the Code just referred to provide that in case of the discharge (dissolution) of an attachment, or a judgment in the action against the plaintiff, the discharge of the attachment is final, unless the plaintiff appeal in two days. The attachment is discharged without a special order of court so declaring, the judgment against the plaintiff operating to dissolve the attachment without any further order of the court. *Harger v. Spofford*, 44 Iowa, 369; *Ryan v. Heenan*, 76 Iowa, 589. The district court erroneously ordered a special execution to be issued for the sale of the land. The judgment of the district court, except as to the order for the special execution, is affirmed. It is therefore

5. ATTACHMENT: appeal: dissolution by operation of law.

MODIFIED AND AFFIRMED.