M. P. SMITH, Appellee, v. ISAAC BRICKER, Appellant.

1. **Land Contract:** FALSE REPRESENTATIONS: RESCISSION. Where the owner of property worth twelve hundred and fifty dollars was induced to exchange the same for eighty acres of land in another state, through the representations of the owner thereof that the same was good average land, with a stream of living water running through it, and was of the actual value of ten dollars per acre, but which was, in fact, worthless, being of no value for cultivation or grazing, *held*, that he was entitled to a rescission of the contract in equity, although the owner of the land did not know that his representations were false at the time they were made.

2. ———: ———: ———: ELECTION OF REMEDIES. The plaintiff, having commenced an action for damages because of said alleged fraudulent representations, without the knowledge that their falsity was unknown to the defendant, *held*, that such action was not such an election of remedies as would prevent the plaintiff, upon learning such fact, from filing an amended and substituted petition in equity for the rescission of the contract of sale.

*Appeal from Iowa District Court.*—HON. S. H. FAIRALL, Judge.

THURSDAY, OCTOBER 13, 1892.

THIS is a suit in equity, by which the plaintiff seeks to rescind a contract of exchange of certain real

estate. There was a full trial upon the merits of the case, and a decree for the plaintiff. The defendant appeals.—*Affirmed.*

*Hedges, Rumple & Lake,* for appellant.

*F. C. Hormel,* for appellee.

ROTHROCK, J.—I. In the month of March, 1889, the plaintiff was the owner of five lots in the town of

1. LAND contract: false repre- sentations: rescission.

Marengo, upon which there was a dwelling house and certain appurtenant buildings. There was a mortgage of four hundred dollars upon said property. The defendant was the owner of eighty acres of land in the state of Nebraska. A contract was entered into between the parties, by which the plaintiff conveyed his house and lots to the defendant, subject to the said mortgage, the payment of which the defendant assumed, and the defendant conveyed to the plaintiff said eighty acres of land, and paid him fifty dollars in money. The defendant took possession of the house and lots, and afterwards paid the mortgage, and made certain improvements on the property, not necessary to be specified in detail in this opinion. The plaintiff claims that said contract should be rescinded, and the parties placed in the same position they were in before the contract was made, because the defendant represented said eighty acres of land to the plaintiff as good, average land, with a stream of living water running through it, and that it was of the actual value of ten dollars per acre, which representations were made for the purpose of inducing the plaintiff to make said contract; that the plaintiff relied on said representations, and was induced thereby to enter into said contract of exchange. The plaintiff further claims that said representations were false and fraudulent, and were well known to the defendant to be false when made, and that said land was not worth to exceed

fifty cents per acre; that it was not a good average eighty acres of land; and that it did not have, and never has had, a stream of living water running through it. Before filing the petition upon which the cause was tried, the plaintiff tendered a conveyance of the land to the defendant, and demanded a conveyance from the defendant of the house and lots, and did other acts necessary to authorize a decree rescinding the contract and taking an account between the parties of the rents and profits of the house and lots, and the amounts paid out by the defendant in discharge of the mortgage, and in making improvements on the property, and an account of the taxes paid by the respective parties on the property which was exchanged. The decree rescinded the contract, and ordered reconveyances, and stated an account between the parties, by which it was found that the plaintiff should pay to the defendant, or to the clerk of the court, the sum of two hundred and ninety-eight dollars and sixty-one cents and interest thereon at six per cent. per annum from March 1, 1891. The plaintiff complied with the decree by paying said sum to the clerk of the court, and the defendant appealed, and claims that the decree should be reversed.

The first question to be considered is, was the evidence as to the representations made touching the value and quality of the land such as to require a finding that the plaintiff had the right to have the contract rescinded. It is not our practice to set out in detail the evidence by which we determine questions of fact in appeals in chancery which are triable anew in this court. We have frequently said, in substance, that a discussion of the evidence on a question of fact in an opinion is of no value as a precedent, and of no consequence to the parties. We will, therefore, merely state the facts which we find to be established by the evidence: *First.* The eighty acres of land was at the

time the contract was made, and is now, practically worthless. We need not describe it. It is of no value for cultivation, for grazing, or for any other purpose. It is true, certain witnesses testify that it is worth from one to two dollars an acre, but the land is so absolutely worthless that these witnesses doubtless put a nominal value on it for trading purposes only. *Second.* The house and lots were, at the time of the exchange, well worth one thousand, two hundred and fifty dollars. The witnesses who testified to the value of the property place it at more than that. The plaintiff, therefore, lost eight hundred dollars by the exchange. *Third.* The evidence shows by a clear preponderance that the defendant made the representations substantially as alleged, and that plaintiff was thereby induced to enter into the contract. It does not appear that defendant had actual knowledge of the quality and value of the land when he made the representations. In other words, there is no evidence of what is called the *"scienter,"* which is usually necessary to sustain an action at law for fraud and deceit in the sale or exchange of property. But this is a suit in equity, and there may be a decree rescinding a contract for false representations, without proving that the party making the representations knew them to be false. And such a decree may be based upon the mutual mistake of the parties to the contract, without evidence of fraud. *Hood v. Smith,* 79 Iowa, 621. We do not deem it necessary to further consider this feature of the case.

II. It is claimed by the defendant that the plaintiff has no right to a decree rescinding the contract, because 2. —: —: —: he lost that right by the commencement

election of
remedies.        of an action at law for damages for the alleged fraud. The facts upon which this ground of defense is based are as follows: The parties were, at the time the contract was made, and ever since have been, residents of this state. The land in question is situated

five hundred miles distant.    The plaintiff rested in the
belief that he was the owner of eighty acres of land
which, at the time he acquired it, was worth ten dollars
per acre, until August, 1889, when being in an adjoin-
ing county in Nebraska, he went to look at his land,
and for the first time discovered that it was worthless.
He immediately notified the defendant by letter of the
worthless character of the land, and in effect demanded
of him the sum of eight hundred dollars.    The defend-
ant replied to his letter, stating that he owed the
plaintiff nothing;    and soon after that the plaintiff
commenced an action at law to recover damages for
the alleged fraud.    Afterwards the plaintiff discovered
that the defendant claimed that he did not at any time
have any knowledge of the real character of the land,
and thereupon the plaintiff tendered a conveyance of
the land to the defendant, and offered to pay whatever
was due to the defendant for improvements on the
house and lots and for the discharge of the mortgage,
and filed the amended and substituted petition in
equity, upon which the petition and the cause was
tried.    There was no question raised in the court below
at the time the petition in equity was filed as to the
right of the plaintiff to amend by a substituted petition
in equity.    There was no motion to strike the petition
on the ground that it was not a proper amendment, nor
that it presented a new cause of action.    The fact is
that it was a substituted petition.    It superseded all
pleadings before that filed, and operated as a dis-
missal of the action at law.    The district court must
have so regarded it, for all of the costs in the case
made before filing the petition in equity were taxed
to the plaintiff.    The ground upon which it is claimed
that the right to a rescission was lost is that the plaintiff,
after he discovered the fraud, elected to affirm the con-
tract by commencing the action for damages, and that

he cannot afterwards revoke the election. Under the facts of this case, the commencement of the action at law was not an election of remedies which concluded the plaintiff. He had the right to amend his petition, as he did, by substituting the petition in equity. It is true, that a right to impeach a transaction on the ground of fraud may be lost by electing to affirm the contract. But in this case the action at law did not affirm the agreement in the sense that the plaintiff sought to take advantage of the contract. He demanded no more nor no less than he does in the petition in equity. He sought in one action, as in the other, to save himself from loss by reason of the voidable contract. He did not prosecute his action at law to judgment. If he had formally dismissed it without trial, he would not have waived his right to rescind by an action in equity. The filing of the amended and substituted petition was equivalent to a dismissal, and the commencement of a new action. The rule as to election to abide by a voidable contract is well stated in Kerr on Fraud and Mistake as follows: "If a voidable contract or other transaction is voluntarily acted on with a knowledge of all the facts, in hope that it may turn out to the advantage of a party who might have avoided it, he may not avoid it where, after abiding that event, it has turned out to his disadvantage." The plaintiff did not abide the event of his action at law. As soon as he discovered that the defendant claimed that he did not know that his representations were false, he amended his pleading so that the proof of *scienter* was not necessary.

We have examined the authorities cited by counsel for the appellant upon this question, and have to say that we do not think any of them are applicable to a state of facts such as this record discloses. The decree of the district court is AFFIRMED.