THORSON & CASSIDY COMPANY, Appellant, v. M. BAKER.

**Pleading:** ELECTION OF REMEDIES.   Under Code, 1873, section 2655, authorizing defendant to set forth as many defenses or counterclaims as he has, and section 2710, authorizing the stating of inconsistent defenses in the same pleading, defendant in an action for goods sold and delivered may, after a plea of rescission and tender back of the goods has been held bad on demurrer, because the property was held for an unreasonable time, amend by pleading a breach of a warranty of the goods, the plea of rescission not being an election to abandon the contract.

*Appeal from Johnson District Court.*—HON. M. J. WADE,
Judge.

SATURDAY, DECEMBER 17, 1898.

ACTION at law to recover the purchase price of a shotgun. Defendant pleaded a rescission of the contract, and a tender back of the property.   A demurrer to this plea was sustained, and defendant thereupon pleaded breach of warranty.   Plaintiff demurred to this answer, and the demurrer was overruled. The appeal is from this order.—*Affirmed.*

VOL. 107 Ia—4

*Remley, Ney & Remley* for appellant.

*Ball & Baker* for appellee.

DEEMER, C. J.—The case comes to us on a certificate from the trial judge, which is too long to be set out in *extenso*. Shortly stated, the question is this: May the purchaser of goods plead in defense rescission of the contract of sale, and, after being defeated in that, by demurrer to his plea, amend and plead a counterclaim for breach of warranty? The appellant contends that by first pleading recission he made his election to abandon the contract, and that he cannot afterwards rely on a breach of warranty in the sale. He relies upon the doctrine of election of remedies. An election of remedies is said to be the adoption of one of two or more co-existing remedies with the effect of precluding a resort to others. No suitor is allowed to invoke the aid of courts on contradictory principles or redress upon one and the same line of facts. See *Richards v. Schreiber,* 98 Iowa, 422; *Kearney Milling & Elevator Co. v. Union Pac. Ry. Co.,* 97 Iowa, 719. This principle has been applied in a great number of instances, as will be shown by reference to the authorities quoted in the case last above cited. We have held, however, that the mere commencement of an action at law for damages for false and fraudulent representations in the sale of land was not such an election of remedies as to prevent plaintiff from subsequently filing an amended and substituted petition in equity for recission of the contract. *Smith v. Bricker,* 86 Iowa, 285. In that case it is said: "He sought in one action, as in the other, to save himself from loss by reason of the voidable contract. He did not prosecute his action at law to judgment. If he had formally dismissed it without trial, he would not have waived his right to rescind by an action in equity * * * As soon as he discovered that the defendant claimed that he did not know that his representations were false, he amended his pleading so that the proof of *scienter* was not necessary."

As sustaining this rule, see *Bunch v. Grave,* 111 Ind. 351 (12 N. E. Rep. 514); *Kingsbury v. Kettle,* 90 Mich. 476 (51 N. W. Rep. 541); *Gould v. Blodgett,* 61 N. H. 115; *In re Van Norman,* 41 Minn. 494 (43 N. W. Rep. 334). Defendant in the case at bar pleaded recission, but the court held, in ruling on a demurrer to this answer, that he could not maintain this defense, because he held the gun an unreasonable length of time before tendering it back. Thereupon he filed a counterclaim for breach of warranty in the sale of the gun, claiming that it did not meet the warranty, and this he did by way of amendment to his original answer. This we do not regard as an election of remedies. Section 2655 of the Code of 1873 provides that a defendant may set forth in his answer as many causes of defense, counterclaim, whether legal or equitable, as he may have. And section 2710 of the same Code provides that "inconsistent defenses may be stated in the same answer or reply." Under these statutes it was permissible for defendant to plead in defense to plaintiff's action a recission of the contract in one count, and a counterclaim for breach of warranty in the other. It is not like the case of *Crawford v. Nolan,* 70 Iowa, 97, wherein we held that a defendant who claimed under an attachment in a replevin suit brought by a mortgagee of the property could not be heard to say that it in fact owned the property at the time the mortgage was executed, and that the mortgage was of no validity because not made by the owner. This decision was based upon the doctrine that one cannot claim property under two inconsistent rights at the same time. It is said that, as defendants attached the goods as the property of the mortgagor they were estopped from setting up that they owned the property. In the case at bar defendant made no claim to the property. He insisted, in one division of his answer, that by reason of breach of warranty he was entitled to rescind, and had offered to rescind, the sale; and, in another, that there was a breach of warranty resulting in his damage. These were clearly inconsistent defenses, and not such an election of

remedies as bound him. The case is more like the one of *Morgan v. Insurance Co.*, 37 Iowa, 359. The order of time in which the pleadings were filed is not material. The ruling on the demurrer to the answer setting forth recission simply determined that there had been no recission, and that the facts stated were not sufficient in law to constitute a defense. Thereupon defendant amended his pleading, setting forth a counterclaim. It is true that a counterclaim is not a defense, but it is an answer, and may be joined with a defense pleading inconsistent matter. From what has been said it will be seen that we do not regard this case as presenting the question of election of remedies. The question, as we view it, is, what may the purchaser set up as defenses to an action for the price of goods sold and delivered ? . That he may plead either recission as a total defense, or a breach of warranty in diminution of the recovery, seems to be conceded. That he may do both we have no doubt. See, as sustaining our conclusions: Benjamin Sales (Bennett's Ed.), section 898, and note; Id., section 901. The question certified by the trial judge should be answered in the negative, and the ruling on the demurrer AFFIRMED.