T. J. SHOEMAKER, Guardian, v. ELIZABETH TURNER AND JESSE F. TURNER, Appellants.

**Plea and Charge:** SUBMISSION OF CASE NOT PLEAD: *Waiver by failure to object.* Error in submitting a case to the jury on the theory that it was for money had and received, and not for a tort, as set up in the petition is waived where a case for money had and received would be good if made out, and plaintiff makes out such a case, and defendants permit it to go to the jury without objection.

**Instructions.** A charge that there might be a recovery of one defendant if she had sufficient mental capacity to make a settlement, and another that other things were essential to be found to make her husband and codefendant liable, are not in conflict, and will not be condemned without suggestion as to which, if either is incorrect.

EXCEPTIONS TO CHARGE. Instructions need not be excepted to when given, but it is sufficient, under the express provisions of Code, section 3709, if the exceptions are taken in the motion for a new trial.

**Assignment of Errors:** *Motion having several grounds.* A general assignment of error in overruling motion for new trial, which sets up 15 distinct grounds, will not be considered.

SAME: *Conflicting instructions.* An assignment of error which contrasts certain paragraphs of the court's charge, claimed to be conflicting is not objectionable as grouping instructions to all of which objection is taken.

*Appeal from Marshall District Court.*—HON. G. W. BURNHAM, Judge.

TUESDAY, MAY 27, 1902.

PLAINTIFF is the guardian, duly appointed, of one Laura A. Birks, an insane person. His cause of complaint is that defendants wrongfully conspired to obtain, and did so obtain, without consideration, the sum of $1,000 from

said Laura A. Birks before she was placed under guardian-
ship, but when she was of unsound mind and incapable of
appreciating or understanding what she was doing.   There
was a trial to jury, verdict and judgment for plaintiff, and
defendants appeal.—*Affirmed.*

*Bishop & Lounsberry* for appellants.

*Carney & Holt* for appellee.

WATERMAN, J.—It seems that defendant Elizabeth
Turner brought an action against Laura A. Birks, claiming
damages in the sum of $3,000, for slander.   After suit
brought, but before trial, the action was settled by the de-
fendant's paying the sum of $1,000.   It is to recover the
money so paid that this action is brought.   The record be-
fore us does not contain the evidence.   We have the plead-
ings and instructions given by the court, and are called
upon to rule on the latter as abstract propositions of law.

I.   The first contention of apppellee is that the assign-
ments of error are not sufficiently specific.   This is true of
the last one of them, which is a general assertion of error in
overruling the motion for a new trial, which set up 15
distinct grounds.   *Huss v. Railway Co.*, 113 Iowa, 343;
*Feister v. Kent*, 92 Iowa, 1.   The other assignments,
of which there are three, are good.   They do not group in-
structions to all of which exception is taken, but, rather,
contrast certain paragraphs of the charge, which, taken to-
gether, involve, as claimed, conflicting theories.   Only in
this way could a conflict be indicated.

II.   It is urged by appellee that the instructions were
not excepted to by defendant.   It is true, they
were not when given; but proper exceptions were
taken in the motion for a new trial, and this is
sufficient.   Section 3709, Code.

III.   It is first made matter of complaint by appellant
that in the charge the court submitted the case to the jury

on the theory that it was an action for money had and received, and not for a tort, as set up in the petition.

Notwithstanding the allegations of the petition, if a case for money had and received would be good if made out,—and there is no claim it would not,—and if plaintiff made such a case, which defendants permitted to go to the jury without objection, it is now too late to complain. In the absence of the full record, we are not able to say such was not the condition of affairs.

IV. The fourth paragraph of the court's charge begins by reciting that defendant Elizabeth Turner brought an action for slander against plaintiff, and proceeds as follows (we give the next instruction, also, because necessary to a complete statement of the rule):

"You are instructed that a claim made in an action brought would furnish a sufficient consideration for the payment of money in settlement of such claim, and in this case you will not inquire into the merits of the action brought by Elizabeth Turner against Laura A. Birks for slander; but the only question for you to consider and determine in this action is whether or not at the time the settlement of the slander suit was agreed to, and the money paid in settlement thereof by the said Laura A. Birks, she, the said Laura A. Birks, was of sound mind, and had sufficient mental capacity to understand and comprehend what she was doing, and capable of transacting the particular business in hand, and understanding her rights and liability in relation thereto; and all other issues are withdrawn from your consideration.

"(5) Unless you find, by a preponderance of the evidence, that, at the time the said Laura A. Birks entered into the agreement to settle the slander suit referred to in the previous instruction, that she had such a want of mental capacity as rendered her incapable of comprehending the effect and consequences of her act, as hereinafter explained, then your verdict should be for the defendants."

The question whether it was necessary, as an element of plaintiff's case, for him to show that Elizabeth Turner knew or had reasonable ground to believe plaintiff's ward was insane, is not presented to us, so we may properly accept the rule of liability stated as correct. The fault found with the instruction is that it tells the jury the only question for them to consider is whether Laura A. Birks was of sound mind, while in the tenth paragraph other elements are included. The whole charge, taken together, shows clearly that the court distinguished between Elizabeth Turner, who was plaintiff in the slander suit, and her husband and co-defendant, who was charged with having aided in procuring the settlement. The fourth instruction related to the wife; the tenth, to the husband alone. While an assignment of error is based on the fact that different rules were given the jury with reference to the liability of husband and wife, respectively, it is not suggested which, if either, is incorrect. The clam is that the charge is inconsistent in this respect. If the case was tried on the theory of a right to recover for money had and received, then a different state of facts would necessarily have to be shown to authorize a recovery against the husband, from what would warrant one against the wife.

Some questions discussed are not covered by the assignments of error which we have held sufficient, and we give them no attention.

The matters properly argued do not justify an interference with the judgment, and it is *Affirmed.*