MALLORY COMMISSION COMPANY, Appellant, v. R. M. ELWOOD, Appellee.

Sales: BREACH OF WARRANTY: PLEADING. A counterclaim for breach of warranty in sale of sheep is not objectionable because of items for care, feed and expense of keeping. The question of whether the breach of the warranty is the proximate cause of the damage being one of proof and not of pleading.

Pleading: BREACH OF WARRANTY: FAILURE OF CONSIDERATION: ELECTION. In an action on a note given for the purchase price

of sheep, defendant may plead both a breach of warranty and failure of consideration, and cannot be required to elect upon which he will rely.

Evidence: IMPROPER OBJECTION.   The relevency of testimony cannot be considered oh an objection which simply goes to the competency of the witness.

Non-Prejudicial Evidence.   The admission of the testimony of a witness as to his understanding of an agreement is not error where no prejudice results.

Practice: RELEVANCY OF ARGUMENT.   An argument on appeal, not addressed to the questions raised on the trial, will not be considered.

Waiver: RENEWAL OF NOTE:   EVIDENCE.   The making of renewal notes is presumptive evidence of a waiver of any defense to the indebtedness, but is not conclusive.

Evidence: MOTION TO STRIKE.   A party cannot permit evidence of a local custom to be received without objection and afterwards have it stricken on motion.

Sale: AUTHORITY OF AGENT: CUSTOM.   One dealing with an agent may in the absence of notice of limitations assume that he has authority to sell according to the local custom.

Evidence: OBJECTION OF OPPOSITE PARTY: REVIEW ON APPEAL. Where a party fails to take an exception to a ruling or remark of the trial court regarding the admissibility of evidence, or to raise the question on a motion for a new trial, he cannot insist upon the error in the appellate court based on an objection made by the opposite party.

*Appeal from Jones District Court.*—HON. H. M. REMLEY, Judge.

MONDAY, MAY 25, 1903.

ACTION at law on two promissory notes given for the purchase price of certain sheep.   Defense, failure of consideration, due to the diseased condition of the animals when sold, and a counterclaim for damages for breach of warranty of the sheep made at the time of the sale.   Trial to a jury.   Verdict and judgment for defendant, and plaintiff appeals.—*Affirmed.*

*S. W. Norton* and *Cash & Rhinehart* for appellant.

*F. O. Ellison* for appellee.

DEEMER, J.—While there are some nineteen assign- ments of error, but few of them are sufficient under the statute and decisions of this court to present any question for review. The assignments with reference to the in- structions and special interrogations given and refused are omnibus in character, and clearly insufficient under the rule announced in *Huss v. C. & G. W. R. R*, 113 Iowa, 343;. *Fitch v. Mason City*, 116 Iowa, 716, and other like cases. There is nothing, therefore, for us to consider with refer- ence to these matters. The third assignment is omnibus. in character, and also requires us to search through the record for the alleged errors. The sixth is omnibus in character, and insufficient. Nine and ten refer to rulings on page thirty-three of abstract, but no rulings are set out on that page. The motion for a new trial was based on fifteen distinct grounds. There is one omnibus assign- ment of error challenging the overruling of this motion, based on five alleged reasons. This is also insufficient. *Sisson v. Kaper*, 105 Iowa, 599; *Shoemaker v. Turner*, 117 Iowa, 340, and cases cited. Giving the appellant the benefit of every doubt, the only assignments which we may consider are 1, 2, 5, 7, 8, 11, 12, 13, and 19. These we shall determine in their order.

It will be observed from the preliminary statement of the case that defendant pleaded a counterclaim for dam- ages suffered by him by reason of a breach of warranty in
1. SALES: breach of warranty; pleading. the sale of the sheep. He asked that he should be allowed as part of his damages for the care, feed, and expense of keeping the sheep for about one year, amounting to $1,000. Plaintiff moved to strike out these items for the reason that same are incompetent, irrelevant, and immaterial, and for the

further reason that the action herein is upon a breach of warranty, and special damages cannot be recovered in such an action; and that the only measure of recovery is the difference between the contract price and the value of the property in the condition in which the defendant received it. The motion was overruled, and exception taken. This assignment does not seem to be argued, hence we shall not consider it. In any event, the ruling was correct under the doctrine announced in *Joy v. Bitzer*, 77 Iowa, 74. Whether or not defendant was able to show that these damages were the proximate result of the breach of warranty was a matter relating to the proof, and not to the pleadings.

In addition to filing a counterclaim for breach of warranty, defendant pleaded failure of consideration for the notes, due to the diseased and worthless condition of the

2. PLEADING: breach of warranty: failure of consideration: election.

sheep. Before the trial commenced, plaintiff moved the court to require defendant to elect whether he would rely on failure of consideration or breach of warranty. This was overruled, and of this complaint is made. There was no error in the ruling. *Thorson v. Baker*, 107 Iowa, 49.

In the fifth assignment it is said the court erred in permitting defendant to prove a local custom to warrant sheep. Turning to the abstract at the page indicated, we

3. EVIDENCE: improper objection.

find the only ruling was as follows: "Robert Elwood, recalled, testified as follows: 'I know the custom down in that county in '98 and '99 with reference to guaranteeing sheep to be free from disease.' Q. And sound and all right? (Plaintiff objects to the question as incompetent, the witness not having shown that he is competent to testify, not having any experience in the business of buying and selling sheep, except as to one particular transaction. Overruled; plaintiff excepts)." The objection manifestly goes to the competency of the witness, and not to the relevancy of his testimony. No

such question as is argued seems to have been presented to the trial court. Moreover, the assignment is not argued except in the most general way. Indeed, it is conceded that evidence of custom is admissible in such cases. The exact claim is that the court did not properly instruct with reference to this testimony, but that question cannot, for the reasons already stated, be considered.

The next alleged error is shown by the following excerpt from the record: "When I went to sign the mortgage, before I signed it and the notes, I says, 'Now, 4. NON-PREJU- supposing these sheep should not get all DICIAL evi- dence, right,' I says, 'they are on the mend now, and seem to be getting all right.' Mr. Hull says: 'You don't need to worry about that. Them sheep are going to get all right, and they will make you plenty of money yet;' and he says, 'If they don't get all right, you won't need to suffer any for it.' Q. What further did he say, if anything, about that? A. Well, I believe that was about all of our conversation —all I remember. I signed up the notes and mortgages. Q. With that understanding between you? A. Well, that was my understanding of it; yes, sir. (Plaintiff moved to strike out answer as incompetent and immaterial as to what the understanding was. Motion overruled, plaintiff excepts.)" While the "understanding" of a witness is not ordinarly competent, it is manifest that the term, as here used, meant "agreement," and was intended as giving the witness' reason for signing the notes in suit, which were renewals of the ones originally given for the sheep. In any event, no prejudice resulted.

This quotation from the record shows the next matter complained of: "Q. Now, Mr. Elwood, taking it along there, and from your knowledge of what you did in connection with those sheep, what you have described here, do you know what it was worth per month to take the sheep and care for them and feed them as you fed them

there for the time you had them? (Plaintiff objects to the question as calling for incompetent testimony, for the reason that it calls for the value of what he did, instead of the reasonable value of such services; and for the further reason that it is not shown that the witness is competent to testify, having already testified that he had no experience in sheep business.) 'He may answer that question "Yes" or "No." ' (Plaintiff excepts.) A. Well, I know very closely. Q. State what would be the fair reasonable value for the service and feed and care which you have bestowed upon those sheep per head per month for the time you had them? (Plaintiff objects to the question for the reason the witness has shown and testified he is not competent to testify, and having had no experience in sheep business, and the measure of recovery is not the amount of work he did, but the reasonable value of such work per month or per day. Objection overruled, and plaintiff excepts.)" continuing, witness testified: "Judging from my experience, and figuring how much feed it takes to feed the sheep, I think it was worth, at a low estimate, twenty-five cents per month while a person is feeding grain and hay the way I fed in the winter time. I fed them grain and hay about six months. The rest of the time they were on the pasture. Q. Do you know what the fair reasonable value was for the pasturing of those sheep during the six months you had them there, including the care that you were called upon to give them and the treatment? (Plaintiff makes same objection—he groups two matters together. Objection overruled. Plaintiff excepts.)" The argument is addressed not to the form of the questions or to the competency of the witness, but to the abstract proposition of the right to rec over such matters in

5. PRACTICE: relevancy of contract.  an action for breach of warranty. Manifestly, no such question was presented by the foregoing objections. Again, the argument is addressed to certain instructions, and not to these specific rulings.

At the close of defendant's evidence, plaintiff moved for a verdict on the theory that, as defendant renewed the notes originally given for the sheep, he was concluded and

6. WAIVER: renewal of note.

estopped thereby from making any such defenses to the notes as were interposed by him. While the making of these renewal notes was presumptive evidence of a settlement and waiver of a defense, it is not conclusive. *Lindsey v. Moore*, 101 Iowa, 592. Under the evidence we have quoted regarding the statements made at the time the note was renewed, it was a question for the jury as to whether there had in fact been a settlement or a waiver of the defenses. This is practically conceded by plaintiff's counsel, but they say the instructions were faulty. These we cannot consider.

The twelfth and thirteenth assignments of error read in this wise: "(12) The court erred in overruling plaintiff's motion to take from the jury the defense part of defendant's answer, and said ruling was erroneous for the reason that defendant, by electing to counterclaim for his damages, had ratified the note and contract, and for the other reasons stated in the said motion. (13) The court erred in overruling plaintiff's motion to strike out all the testimony as to warranty, and said ruling was erroneous for the reason that said testimony was immaterial on the question of failure of consideration, and no affirmative relief could be had thereon without showing authority of the agent to make same, and other reasons stated in said motion." The point raised by No. 12 we have already considered in dealing with plaintiff's motion to require defendant to elect. The thirteenth should not be considered for the reason that the points therein suggested were not raised by the motion. The motion was as follows: "The plaintiff further moves the court, subject to the above motions, to exclude from the jury any testimony as

7. EVIDENCE: motion to strike.

to warranty, for the reason that it is not shown that the plaintiff's agent at said time of said

.sale had any authority to warrant said sheep, and that his action on the counterclaim can only be maintained by showing that the agent had authority to make said warranty. (Motion overruled. Plaintiff excepts.)" Moreover, the exact point made by the motion is not argued. Further, the evidence as to local custom in the community where the sheep were sold to give warranties was received without objection, and plaintiff could not well wait until near the close of the trial, and then move to strike it. In any event, *Kaufman v. Farley,* 78 Iowa, 679, seems to be conclusive on the question. See, also, *Hirschorn v. Bradley,* 117 Iowa, 130; *Austrian & Co. v. Springer,* 94 Mich. 343 (54 N. W. Rep. 50, 34 Am. St. Rep. 350); *Bailey v. Bensley,* 87 Ill. 556; Mechem on Agency, sections 281, 485, 989, and cases cited.

Authority is presumed to have been conferred upon the agent in contemplation of all well-defined and publicly known usages of the place where the agent was to operate, and third persons dealing with such agent were justified in assuming, in the absence of notice of limitations, that the agent had power to make sales in accord with these customs or usages. Lawson's Usages and Customs, pages 284, 285.

8. SALE: authority of agent: custom.

The last assignment relates to a remark made by the trial court in ruling on evidence. Plaintiff offered in evidence a chattel mortgage on the sheep, made to it by defendant, which stated that the animals were at the time the notes were given in perfect health, and in the possession of the defendant. Defendant objected to this instrument as incompetent and immaterial. The court remarked in ruling: "It has a bearing as to whether or not it was the custom to warrant the health of cattle or sheep at the time of the sale. (Objection overruled, and defendant excepts.)" The remark of the court is complained of by plaintiff. It will be noticed that the mortgage was re-

9. EVIDENCE: objection of opposite party: reveiw on appeal.

ceived in evidence, and that it was defendant's objection which was overruled. Plaintiff did not except either to the ruling or to the remark made by the court. Moreover, the attention of the court was not called to this matter in the motion for a new trial. It has, therefore, never had the opportunity to pass upon the same. This being true, the matter cannot now be considered by this court. Code sections 4105, 4106, and cases cited. In any event, there was no prejudice. *Cedar Rapids v. Cowan*, 77 Iowa, 535.

These are the only matters which upon the most liberal interpretation of our statute and decisions may be considered, and, finding no prejudicial error in any of them, the judgment must be and it is AFFIRMED.