J. C. DOOLEY, Appellee, v. C. H. CRABTREE, Appellant.

**Election of remedies.** The institution of a suit to rescind a contract for the exchange of properties on the ground of fraud, which is dismissed because of a misjoinder of parties and causes of action, is not an election of rights or remedies which precludes a subsequent action for damages for false representations.

*Appeal from Polk District Court.*— HON. HUGH BRENNAN, Judge.

TUESDAY, NOVEMBER 20, 1906.

Rehearing denied Monday, May. 20, 1907.

ACTION at law to recover damages for false and fraudulent representations made by defendant in the sale of mining stock. Defendant filed an answer containing several divisions and to one of them plaintiff demurred upon various grounds and his demurrer was sustained. Thereupon defendant elected to stand upon the pleading so attacked and refused to plead further. This appeal is from the ruling upon the demurrer.— *Affirmed.*

*Warren Walker,* for appellant.
VOL. 134 IA.— 30

*John Newburn, Gillepsie & Bannister,* and *C. C. Cole,* for appellee.

DEEMER, J.— The division of the answer which was attacked by the demurrer pleads in substance the following facts: That defendant obtained from plaintiff certain real estate in exchange for mining stock; that thereafter plaintiff, claiming that his property had been obtained by fraud and false representations, undertook to rescind the exchange, and tendered defendant the stock received by him, plaintiff, and demanded a reconveyance of the real estate, stating that he elected to rescind the transaction; that defendant refused to accept the stock so tendered and refused to reconvey the real estate; and that thereupon plaintiff commenced an action in the district court of Polk county to recover said real estate; that the allegations in that petition were substantially the same as those made in this case; that that action was prosecuted in said district court and defendant was obliged to employ counsel to defend the suit, and was put to great expense in so doing. It is claimed that these facts constituted an election on the part of plaintiff to rescind the sale, and that plaintiff cannot now sue for damages on the theory that he suffered damages by reason of the exchange of properties.

As part of this division of the answer defendant set forth the judgment entry in the proceedings which he alleged constituted an election, from which it appears that, during the trial of a case brought against the Gladiator Consolidated Gold Mine & Milling Co., and C. H. Crabtree, defendant's counsel claimed that there was a misjoinder of causes of action in that plaintiff therein had stated a separate cause of action against each of the defendants and moved that the action be abated or dismissed, or, if this were denied, that plaintiff be required to elect as to which cause of action he would pursue. The motion was made on behalf of each party. Upon this motion the trial court held that there

was a misjoinder of parties and causes of action in that the action was against the company alone, but the prayer was for judgment against both defendants, and ordered that plaintiff's petition be dismissed at his costs. It is very clear that this judgment was not a former adjudication nor a bar to plaintiff's present suit except on the theory of an election of rights or remedies. There was no trial upon the merits and no judgment entered save a dismissal of the case because of misjoinder of parties and causes of action. Indeed, it is not contended in argument that the judgment in the original case amounted to such an adjudication as bars plaintiff of recovery in the present action. But it is argued that by filing the original petition for rescission plaintiff elected to disaffirm the contract, and that he cannot now be heard to say the contract was good, and recover damages for the breach thereof. It is insisted that when the alleged fraud was discovered plaintiff had the option of rescinding the sale and recovering his property or affirming the sale and recovering damages on account of the fraud practiced upon him, but that he could not do both and that when he elected to pursue the one remedy he " made his bed and must lie in it." This is the exact question presented by the demurrer as we understand it*although we· might well refuse to consider it for the reason that most of the allegations in defendant's answer are mere conclusions of law and none of the pleadings in the original case are set out.

While the petition in this case is apparently to recover damages, it is nevertheless alleged that plaintiff tendered back to defendant the stock received by him and demanded the return of the property given in exchange, and further alleges that the stock received by him was of no value whatever, but that the property given by him for the stock was worth $6,000. and he asked judgment for $6,000. It is by no means clear that this amounted to an affirmation of the sale. It might as well be said to be an action to recover back the value of the property received by defendant upon

the theory that plaintiff had done all he could in the way of a rescission and that he was seeking to recover the value of his property upon the ground that there was no valid exchange. But, however this may be, plaintiff did not pursue his original action to a decree. It was dismissed for the reasons stated, and there was no attempt to adjudicate his rights in the premises. The ruling of the trial court upon the motion to dismiss was not appealed from and that ruling conclusively established the fact that plaintiff had mistaken his remedy or had so gone about it that he could not recover in the form of action adopted by him. Thereafter he brought this suit and is met with the pleading already stated. That the doctrine of election of remedies does not apply is well settled by our own cases. *Tyler v. Bowen,* 124 Iowa, 453; *Thorson v. Baker,* 107 Iowa, 49; *Smith v. Bricker,* 86 Iowa, 285. And that the doctrine of election of rights has no application is equally well established. *Lemon v. Sigourney Bank,* 131 Iowa, 79, and cases cited; *Zimmerman v. Robinson,* 128 Iowa, 72. The cases already cited clearly rule this one and satisfactorily point out the distinction to be observed between such as these and those relied upon by appellant.

It would be useless to further consider a matter already so fully covered by the cases cited.

Our conclusion is that the ruling upon the demurrer was correct, and it is *affirmed.*