DAVIDSON BROTHERS COMPANY, Appellant, v. J. C. SMITH.

**Sales:** INCONSISTENT DEFENSES. A defendant is permitted under the statute to plead inconsistent defenses and to rely on whichever defense the evidence tends to establish; as where action was brought for the balance of the purchase price of a carload of fruit, defendant was entitled to plead a rescission of the sale and subsequent acceptance and resale by agreement with plaintiff, and also to plead a breach of the warranty and ask that damages be allowed him by way of setoff against the amount due.

**Sale:** BREACH OF WARRANTY: DAMAGES. The buyer in case of an accepted sale may accept the goods, though they do not comply with the warranty, and recover damages for the breach.

**Same:** EVIDENCE. In the instant case defendant purchased a carload of fruit for resale under a warranty as to soundness, the fruit did not comply with the warranty, and he is held entitled to recover for the breach the difference between the value of the fruit had it been as warranted and its actual value as delivered; and the price at which defendant was able to dispose of the same in the exercise of reasonable effort was competent evidence on the question of value.

*Appeal from Hamilton District Court.*—HON. C. G. LEE, Judge.

SATURDAY, JUNE 5, 1909.

ACTION to recover balance due on account for merchandise sold. Defendant pleaded by way of defense that he had refused to accept a portion of the merchandise as not complying with the contract of sale, which refusal had been acquiesced in by plaintiff, and also by way of separate defense that said merchandise had been sold with warranty, and that defendant had been damaged on

account of the breach of warranty thereof, and asked that the damages for such breach of warranty be offset against the account, tendering the balance.   There was a trial to a jury and a verdict for plaintiff in the amount of the tender.   From judgment on this verdict, the plaintiff appeals.—*Affirmed.*

*Wesley Martin* and *J. D. Wallingford,* for appellant.

*Boeye & Henderson,* for appellee.

McCLAIN, J.—One item of the account on which plaintiff sued, and the only item as to which there is any controversy, was of $140 for a carload of watermelons sold to be delivered at Des Moines for transportation to defendant at Webster City. Defendant pleaded a refusal to accept the melons when they arrived at Webster City, on the ground that they were not in a salable condition, and the acquiescence by plaintiff in this refusal with direction to sell the melons on plaintiff's account.   As to this defense, the evidence was in conflict, and the jury specially found that the defendant did not receive the melons under an agreement that he was to sell them for plaintiff.   This defense is therefore out of the case for present purposes.

I.   But defendant pleaded also that, while he received the melons as property purchased from plaintiff, they did not correspond to the warranty made when sold that they were sound, and that by reason of their unsound condition he was obliged to sell them at a loss, and he asked that damages be allowed as against the purchase price to the extent of the loss thus resulting, and on this issue there was a finding for defendant.   Appellant complains of the submission of this issue to the jury, first, on the ground that the defense pleaded was not only inconsistent with,

1. SALES: inconsistent defenses.

but in contradiction to, the first issue tendered of a rescission of the sale acquiesced in by plaintiff; but this contention is without merit. Defendant was entitled under Code, section 3620, to plead inconsistent defenses. True enough, the defendant could not elect to rescind, and, having proceeded on the theory of rescission, subsequently change his ground and ask damages for breach of warranty; but the very question in this case was whether the acts of defendant constituted a rescission, or whether they were consistent with an intention to claim damages for breach of warranty, and, the facts being pleaded, defendant was entitled to rely on whichever defense the evidence tended to establish. *Bruner v. Brotherhood of American Yeomen,* 136 Iowa, 612; *Cole v. Laird,* 121 Iowa, 146; *Mallory Commission Co. v. Elwood,* 120 Iowa, 632; *Thorson & Cassidy Co. v. Baker,* 107 Iowa, 49.

II. Appellant further contends, however, that defendant could not rely on breach of warranty after accepting the goods. But in this state the rule is well

2. SALE: breach of warranty: damages.

settled to be that, in case of an executed sale, the buyer may accept, although the goods do not comply with the warranty, and recover damages for the breach. *Mallory Commission Co. v. Elwood,* 120 Iowa, 632; *Myer v. Wheeler,* 65 Iowa, 390; *Thorson & Cassidy Co. v. Baker,* 107 Iowa, 49.

The evidence tended to show that the melons, as shipped, did not correspond to the warranty of soundness, and defendant was therefore entitled by way of damages to

3. SAME: evidence.

recover the difference between the value of the melons at Des Moines, had they been in a sound condition, and their value as actually delivered. As to both these elements of value, there was competent evidence. The melons were purchased for a resale at Webster City, as plaintiff well knew, and what defendant was able to sell them for in the exercise of reasonable care and effort, in view of their unsound condi-

tion and the necessity of disposing of them at once, might properly be considered in ascertaining their value to him for the known purposes of the sale. The court did not err therefore in submitting the second issue to the jury.

Errors are assigned on rulings as to the admission of evidence, but they are so manifestly without merit, in view of the conclusions of law above announced, that a discussion of them would serve no proper purpose.

Finding no error in the record, the judgment is *affirmed*.