## Lowenstein *vs.* Chappell.

The law will not allow a party, in an action for the breach of a contract, to recover, as damages, losses which he has sustained in the performance of his contracts with others, even where such contracts are founded, in some measure, upon the contract alleged to have been broken.

On the 20th of February, 1857, the defendant agreed to rent to the plaintiff a store, for the term of one year from the 1st of April then next. Relying upon this agreement, the plaintiff sold to M. the lease of a store he then occupied, agreeing to give possession on the 2d or 3d of April; and M. suffered the plaintiff to occupy a room in the store, for his goods, in the mean time. For the purpose of protecting his goods from damage while the store was undergoing repairs, the plaintiff packed them up, and they sustained some damage in consequence of the packing. In an action to recover damages of the defendant, for a breach of his agreement; *Held* that the packing of the goods not having been done for the purpose of removing them to the store of the defendant, nor being necessary, for that purpose, the plaintiff could not recover for any injury to the goods occasioned by the packing thereof; such injury not flowing directly, or necessarily, from the breach by the defendant, but from the plaintiff's agreement with M. to give up to

him the store in which the goods were situated, and that they should in the mean time occupy a particular space therein.

*Held* also, that the plaintiff was not entitled to recover *interest* on the value of his entire stock of goods which he intended to put into the defendant's store, during the time he was by the defendant's breach of contract prevented from exposing them for sale.

MOTION for a new trial, founded on a case and exceptions. The complaint alleged that on the 20th day of February, 1857, the defendant agreed to rent to the plaintiff a certain store, No. 74 State street, in Rochester, for the period of one year from April 1, then next, for the sum of $1000. That the plaintiff was, at the time of this agreement, in possession of a store, No. 67 State street, under a lease for five years from September 1, 1856 ; and after this agreement with the defendant, and relying thereon, he sold and assigned the lease to one Minges, and agreed to give possession April 1, 1857. The defendant refused to execute a lease or give possession of No. 74. After the 20th day of February, 1857, and before the 1st day of April, the plaintiff bought a large stock of goods, which he designed to keep in the store of the defendant, and brought them to Rochester at great expense. That by reason of being deprived of said store, he was prevented from selling the goods in said store in the ordinary way of retail trade, and making large profits; but was obliged to, and did, sell the same at auction, and at wholesale, whereby he sustained great damage. He was also thrown out of business, with a stock of goods on hand, and put to large expense in and about the same, and in securing another store for the same ; and deprived of large profits which he otherwise would have made by the sale of the same, during a long time, and before he was able to secure another store for the same. The answer was a general denial. The plaintiff, on the trial, proved that he agreed to rent his store to one Minges, and give him possession thereof on the 3d or 4th day of April, but Minges suffered the plaintiff to occupy a room in the store. That the plaintiff, in order to put his goods therein, and to protect

them from damage by the repairs which Minges made, was obliged to pack the goods. That in consequence of packing the goods, they were mussed up, and some ruches and flowers had to be replaced.

Exceptions were also taken to the charge of the judge, and to his refusal to charge as the defendant requested. The jury found a verdict in favor of the plaintiff for $50.

*Wm. F. Cogswell*, for the plaintiff.

*Geo. F. Danforth*, for the defendant.

*By the Court*, JOHNSON, J.   Whether the plaintiff was entitled to recover, for the injury happening to the goods, in consequence of packing them, must depend upon the question whether such injury was the direct and necessary consequence of the defendant's neglect or refusal to perform his agreement.   The general rule is that the party injured by a breach of a contract is entitled to recover all his damages, including gains prevented, as well as losses sustained, provided they are certain, and such as might naturally be expected to follow the breach.   (*Griffin* v. *Colver*, 16 *N. Y. Rep.* 489.) The goods injured, were packed not for the purpose of removing them to the store which the defendant had agreed to lease to the plaintiff, but for the purpose of getting them out of the way of the tenant to whom the plaintiff had sold his lease of the store in which they were then situated, and where they had been previously kept for sale, while such store was undergoing repairs, in order to prevent them from being injured by the repairs, and also to place them in the room, in the same store, which the plaintiff was permitted to occupy by the new occupant.   The plaintiff testifies that they had to pack the stock in *such space* as Minges, the new occupant, allowed them to occupy.   In consequence of the packing, as he says, "the goods were mussed up, and some ruches and flowers had to be replaced."   From this cause, he estimated that the goods had

been depreciated in value fifteen per cent. It is apparent, from the plaintiff's statement, that packing would not necessarily injure the goods, but that the injury arose rather from their being packed in the confined space allotted by the occupant of the store and accepted by the plaintiff. No packing would have been necessary for the removal of the goods to the defendant's store, which was convenient to the one in which the goods were packed. As they were not packed for the purpose of such removal, I do not see how the defendant is responsible, either for the expense of packing, or for any damages happening by reason of such packing; whether the manner in which it was done was proper or improper. Had the packing been necessary, for the purpose of removal to the defendant's store, and been done with that view, then the plaintiff might have recovered the expense of such packing, within the principle established in the cases of *Holmes* v. *Seely,* (17 *Wend.* 75,) and *Giles* v. *O'Toole,* (4 *Barb.* 261.) But no case has gone so far as to hold that under such circumstances the plaintiff might recover the expense of removing, or preparing to remove, to some other place; much less for an injury to his goods occasioned by such removal, or by a preparation therefor. The difficulty, in the way of such a recovery, would be that the injury could not be said to flow directly, or necessarily, from the breach, but more directly from some other cause. So here, the injury was occasioned by the packing, and that was rendered necessary, not directly from the defendant's breach, because no packing was necessary, or could have been, in peforming that agreement; but directly and immediately from the plaintiff's agreement to give up to Minges the store in which the goods were situated, on the 1st of April. He could not perform his agreement with Minges without removing his goods. And the packing was the direct result of an agreement between the plaintiff and Minges that the goods should be permitted to occupy a particular space in that store. With this agreement, and the subsequent packing, the defendant had nothing to do. The

plaintiff saw fit to make that arrangement with the new occupant, for his own convenience, and to avoid a breach of his agreement with such occupant. This is, surely, a result which could not naturally be expected to follow such a breach. Under no circumstances could the plaintiff be allowed to recover, of the defendant, the damages arising from such a cause, without first showing that the goods could not have safely been removed, and stored, in another place, without such packing, until he had secured a suitable place for his business. But, even then, I do not see how he could recover, because the injury would still flow only indirectly and remotely from the breach. The law will not allow a party, in an action for the breach of a contract, to recover as damages losses he has sustained in the performance of his contracts with others, even where such contracts are founded in some measure upon the contract alleged to have been broken. (*Masterton* v. *The Mayor &c. of Brooklyn*, 7 *Hill*, 61.)

That is precisely what the plaintiff was allowed to recover here. It was damages he sustained in getting his goods out of the way of Minges, and thus performing his agreement with him, and not a loss sustained in endeavoring to perform his agreement with the defendant. I am of opinion, therefore, that the charge in respect to the allowance of this item was erroneous.

In respect also to the item of interest, which the jury was instructed to allow, I am unable to perceive upon what principle the plaintiff was entitled to it. The defendant, by his breach, may have deprived the plaintiff of the opportunity of exposing his goods for sale for the period of fifteen days. But why should the plaintiff recover interest on the value of his entire stock for this? Was that in any sense the measure of his loss? He might have sold a portion of his stock in that time, but it is hardly to be supposed he could have disposed of the whole on the first day when, according to the charge, the interest should commence. If he had sold a portion of it in this time, he might have realized a profit on the portion thus

sold, but the allowance of interest on the value of the whole stock does not seem to meet or in any respect to measure or satisfy the injury arising from this loss of opportunity to sell. On the contrary, it seems to me a species of compensation entirely inappropriate to the nature of the injury sustained. Whether the goods, aside from their injured condition, actually sold for more or less, after the fifteen days, than they might have been sold for within that period, does not appear. The plaintiff had the entire possession and control of the goods during all this time. The defendant neither converted them to his own use nor sought to do so. There has been no loss of this kind to the plaintiff, and there is no ground, that I am aware of, upon which interest can be charged upon the defendant in such a case. I think no case can be found to sanction it, and that it is unjust in principle. The charge was therefore erroneous on both grounds, and there must be a new trial, with costs to abide the event.

[MONROE GENERAL TERM, December 5, 1859. *T. R. Strong, Welles* and *Johnson*, Justices.]