## McCORMICK HARVESTING MACHINE COMPANY v. WILLIAM FIELDS.[1]

### July 3, 1903.

### Nos. 13,524—(171).

**Sale—Warranty.**

> A printed instrument was delivered to the vendee upon his purchase of a corn shredder, which read as follows: "This machine is warranted to be well made, of good material, and durable with proper care. If upon one day's trial the machine should not work well, the purchaser shall

[1] Reported in 95 N. W. 886.

90 M.—11

give immediate notice to said McCormick Harvesting Machine Company,. or their agent, and allow time to send a person to put it in order. If it cannot then be made to work well, the purchaser shall return it at once to the agent of whom he received it, and all cash and notes received in settlement will be refunded. Continuous use of the machine or use at intervals through harvest season, or failure to notify the McCormick Harvesting Machine Company, or their agent, or to return the machine as agreed, shall be deemed an acceptance of the machine." *Held*, that the warranty that the shredder was well made, of good material, and durable with proper care, was absolute and unqualified, and was not made to depend upon the vendee giving immediate notice to the vendor in case of a breach, or upon the provision that, if it could not be made to work well after notice, it should be returned to the vendor.

**Acceptance.**

If there was an acceptance of this machine under the provisions of the last paragraph of the printed instrument, this fact would not, as a matter of law, bar a recovery for a breach of the warranty as to make, materials, and durability. The fact of acceptance, if established at a trial, may be considered in determining whether the vendee relied upon the warranty, and whether or not he has waived his right to take advantage of the breach.

Action in the district court for Blue Earth county to recover $125 and interest upon a promissory note. Defendant pleaded failure of consideration, and interposed a counterclaim. The case was tried before Cray, J., who directed a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Reversed, and a new trial granted.

*Thos. Hughes,* for appellant.

*C. O. Dailey* and *C. N. Andrews,* for respondent.

COLLINS, J.

Action upon a promissory note. Defense that there was a breach of a printed warranty of a corn shredder, for the purchase price of which the note was given.

The warranty relied upon was as follows:

"This machine is warranted to be well made, of good material, and durable with proper care. If upon one day's trial the machine should not work well, the purchaser shall give immediate notice to said McCormick Harvesting Machine Com-

> pany, or their agent, and allow time to send a person to put it in order. If it cannot then be made to work well, the purchaser shall return it at once to the agent of whom he received it, and all cash and notes received in settlement will be refunded. Continuous use of the machine or use at intervals through harvest season, or failure to notify the McCormick Harvesting Machine Company, or their agent, or to return the machine as agreed, shall be deemed an acceptance of the machine."

The question upon this appeal grows out of a difference of opinion as to the construction to be placed upon this instrument. The trial court concluded, and so held, directing a verdict for plaintiff, that under this warranty the defendant vendee was obliged to return the machine upon or after one day's trial, and that this was his exclusive remedy, no matter in what respect the machine failed to comply with the warranty. Counsel assert that the learned trial court relied upon Rowell v. Oleson, 32 Minn. 288, 20 N. W. 227, and was of the opinion that there is no difference between the warranty there considered and that now before us.

There was testimony at the trial below fairly tending to show that the machine was not well made, or of good material, or durable. It seems to have been admitted that it worked well when tested, and for at least a day after it was purchased. It answered the implied warranty that it would do the work for which it was purchased, and there was no reason for giving notice of a failure in this respect. The defendant had no occasion to use it for several weeks after that first day's trial, and it was not until it was again put into service, and by reason of such service, that he discovered the defects in make and material. It was then repeatedly, and almost daily, broken by ordinary usage, according to the testimony, of which breakage the plaintiff was duly and repeatedly notified, and made frequent attempts to remedy and repair, without success.

We think the distinction between the warranty considered in the Rowell case and the one at bar is very noticeable. In that case the agreement was

> "If said machine will not bear the above warranty, it is to be returned after a trial of two weeks to the place of delivery, and

another substituted that will answer such warranty, or the money and notes immediately refunded."

As said by the court, this language did not give the purchaser any option, for it was imperative upon him to return the machine after two weeks' trial should there be a breach of the warranty in any respect. The warranty there was entire, and was made dependent upon and actionable only in case of a return of the machine. A return was a condition precedent to recovery.

In this case the warranty is positive and unequivocal that the machine is well made, of good material, and durable with the proper care. The value of the warranty is not made dependent upon a return. It is thereafter provided, in a wholly distinct and separate paragraph, that if, upon one day's trial, the machine does not work well, the vendee shall give immediate notice to the vendor. This requirement and provision has reference simply to the work of the machine, not to the manner in which it is made, or the material therein used, or to its durability. The paragraph relating to the making, to the material, and to the durability of the shredder was an outright and unconditional warranty. The paragraph which followed merely provided for prompt notice to the vendor if the machine failed to do its work in a proper manner, and a return if it could not be made to work.

Warranties are to be construed strictly against the party making the same. A machine made of the very best material might not work well at the first day's trial, while, upon the other hand, a machine poorly made, and of poor material, and in no degree durable, might work well and fully answer a trial test. In fact, that is exactly what occurred here, according to the testimony.

Counsel have referred to another portion of the instrument—the concluding paragraph—whereby the

> "Continuous use of the machine, or use at intervals through harvest season, or failure to notify the McCormick Harvesting Machine Company, or their agent, or to return the machine as agreed, shall be deemed an acceptance."

If there was an acceptance of this machine, this fact would not, as a matter of law, bar a recovery for a breach of the warranty. It would not in itself amount to a waiver of the contract. Gaar, Scott & Co. v.

Patterson, 65 Minn. 449, 68 N. W. 69. Whether there was an acceptance was for the jury to determine under the testimony. The fact of acceptance in such a case, if established at the trial, may be considered in determining whether the vendee relied upon a warranty, and whether or not he has waived his right to take advantage of a breach thereof. Northwestern v. Rice, 5 N. D. 432, 67 N. W. 298, in which the rule is well stated, and a large number of cases cited to support it. A breach of a warranty does not rescind a sale, or give to the vendee a right to rescind, but merely a right of action for damages. Lynch v. Curfman, 65 Minn. 170, 68 N. W. 5. The defendant could accept the machine, and still rely upon his warranty. The contention of defendant that there was a breach of the contract should have been submitted to the jury.

Order reversed, and new trial granted.