(105 N. W. 1104.)

---

## R. I. SIMONSON v. JENS JENSON.

Opinion filed July 3, 1905.

**Sale — Breach of Warranty — Rescission.**

   1. A breach of a warranty of the quality of personal property upon an exchange or sale thereof does not entitle a person to rescind such sale or exchange where it has become fully executed, unless fraud be shown or the agreement authorizes a rescission.

Appeal from District Court, Traill county; *Pollock, J.*

Action by R. I. Simonson against Jens Jenson. Judgment for plaintiff, and defendant appeals.

Reversed.

*Styles & Koffel,* for appellant.
*W. L. Carpenter,* for respondent.

MORGAN, C. J.    The complaint in this case alleges that the plaintiff "sold and delivered" to the defendant 500 pounds of twine of the value of $75; that the defendant has refused to pay for the same, although payment was duly demanded.   The answer contains (1) a general denial; (2) allegations to the effect that defendant and the firm of R. I. Simonson & Co. entered into an agreement whereby defendant received from said firm certain twine in exchange for a certain horse duly delivered to said firm, and accepted by it in payment of said twine.   The plaintiff interposed a reply to the answer in the form of a general denial.   The trial court directed a verdict in plaintiff's favor for the full sum claimed in the complaint at the close of plaintiff's case.   The appeal is from the judgment entered on the verdict.

The only specification of error is the direction of a verdict in plaintiff's favor.   The evidence shows that the plaintiff and defendant entered into an agreement under which plaintiff delivered to    defendant 500 pounds of twine in exchange for a horse belonging to defendant, which was delivered to plaintiff.   After the delivery of the horse to plaintiff he sold it, but upon    trial    the horse was found to be balky, and was returned to plaintiff, and that sale rescinded by mutual consent.   Plaintiff testifies in respect to the transaction in suit that the horse was sold and delivered to him under a warranty that it was free from all blemishes, sound, etc., and that the horse did not fulfill the terms of the warranty; and, upon discovering the fact that the horse did not comply with the warranty, he "sent the horse back to the defendant."   The evidence does not show that the defendant and plaintiff ever had any negotiations in respect to the return of the horse, nor that the horse was accepted by defendant when sent back, or that it was received by him.   The record therefore discloses that the parties exchanged 500 pounds of twine for a horse, and that there was a delivery of the property to each party pursuant to the contract.   The question is therefore presented whether the plaintiff has shown himself entitled to rescind the sale that became a completed sale by the delivery of the property by both parties, and after such rescission by his own act alone sue for the value of the twine.   There is no allegation of fraud, nor proof showing it, and no proof that the warranty was coupled with a condition that the horse should be returned if the warranty failed.   The warranty was therefore unconditional.   The right to rescind did not, therefore, exist under such circumstances.   The warranty is a

collateral agreement, and not a necessary constituent element of the sale. A breach of it does not alone warrant rescission unless the breach of warranty is agreed upon as ground for rescission, or the facts show that such was the intention of the parties, or fraud is shown to exist. No right to a rescission exists under executed sales for mere breach of warranty. Section 3988, Rev. Codes 1899. Aside from the statute, that principle is sustained by the weight of authority. The cases will be found collected in Vol. 30, Am. & Eng. Enc. Law, p. 190. In such cases the person must resort to an action for damages for the breach of warranty. Lynch v. Curfman, 65 Minn. 170, 68 N. W. 5; McCormick Harvesting Machine Co. v. Fields, 90 Minn. 161, 95 N. W. 886. The rights and obligations of parties to an exchange of property are the same as they are in cases of a sale of property. Section 3998, Rev. Codes 1899. It was therefore erroneous to direct a verdict for the plaintiff.

The judgment is reversed and a new trial ordered. All concur. (104 N. W. 513.) .