[No. 8269.    Department Two.    April 22, 1910.]

J. V. EICHBAUM, *Respondent*, v. CALDWELL BROTHERS
COMPANY, *Appellant*.[1]

APPEAL—REVIEW—HARMLESS ERROR. On trial *de novo* after a
trial before the court without a jury, error in admitting incompetent
evidence is immaterial where the findings are sustained by competent
evidence.

SALES—ACTION FOR PRICE—WARRANTY—BREACH—EVIDENCE—COM-
PETENCY. In an action for the price of a pump of a certain capacity
and guaranteed weight, evidence that the parties did not know the
weight of a pump of that capacity is admissible as bearing upon the
question whether the weight was necessary to insure the capacity, a
lighter weight having been accepted and damages claimed by the
defendant.

SAME—DAMAGES FOR BREACH OF WARRANTY—WAIVER. The pur-
chaser of a pump of a certain capacity and of "guaranteed weight
35,000 lbs." cannot recover damages because the pump delivered
weighed only 27,000 lbs., if the lighter pump actually performed
every function of a pump of the heavier weight and was equally
serviceable, durable, and valuable, as the guarantee is waived by re-
ceiving the lighter pump.

SAME—DELAY IN DELIVERY—LOSSES NOT CONTEMPLATED. In an
action for the price of a pump to be manufactured and shipped
within a specified time, the defendant cannot recover loss of rentals
during delay in delivery, where there was nothing to show that
such damage was within the contemplation of the parties or actu-
ally sustained, or that there was any opportunity to rent it if it
had been promptly delivered, and it was received before the defend-
ant was ready to use it.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered April 14, 1909, upon findings
in favor of the plaintiff, after a trial on the merits before
the court without a jury, in an action on contract. Affirmed.

*Shank & Smith*, for appellant.

*Charles M. Baxter*, for respondent.

[1]Reported in 108 Pac. 434.

CROW, J.—This action was commenced by J. V. Eichbaum against Caldwell Brothers Company, a corporation, to recover $3,890 and interest, for a turbine pump sold and delivered to defendant by H. R. Worthington, a corporation, plaintiff's assignor. From a judgment in plaintiff's favor, the defendant has appealed.

The claim was assigned to Eichbaum for collection, he being the agent of H. R. Worthington, the vendor corporation and real party in interest, hereinafter designated as the respondent. The appellant, after alleging that the pump was to weigh 35,000 pounds; that it was to be shipped within eight weeks after August 11, 1906; that respondent failed to make any shipment until December 1, 1906, and that an inferior pump of lighter weight and construction, worth $1,500 less than the one ordered, was then shipped, further alleged:

"That because of the delay of the said Worthington in furnishing any pump at all and his then furnishing only a pump of the sort and value hereinabove set out, the defendant is damaged in the sum of four thousand three hundred dollars ($4,300), which is in excess of the plaintiff's total claim."

The appellant contends, that the trial court erred in admitting evidence to show that it should be estopped from interposing any claim for damages, the respondent having failed to plead an estoppel. Although it appears that the trial court admitted the evidence and regarded it as material, we will not discuss its competency, for assuming, without deciding, that it was incompetent, and eliminating it from our consideration, we have nevertheless concluded that, upon the competent evidence, the judgment must be affirmed. The cause is now before us for trial *de novo*, upon the competent evidence, and we will so consider it, there being no contention that any competent evidence was improperly excluded.

We find that, on Monday, August 13, 1906, the appellant executed the following order:

"The Caldwell Bros. Co., Machinery Merchants.

"Date of order Aug. 13, '06.

"To be shipped.                    Seattle, Wash.

"Mr. J. V. Eichbaum, Mgr. H. R. Worthington Pump Co.,
    Alaska Bldg., Seattle.

"Gentlemen:  Please enter our order for shipment upon
above terms.  Ship to ourselves at Seattle, Route N. Y. C.,
Lake Shore, C., M., St. P. & U. P.

"One 4-stage Turbine pump with a capacity of 4,000 gals.
per minute, designed for head 430 ft. under conditions as
explained to Mr. Eichbaum with brass impellers and shaft;

"Instructions later as to whether this pump will be belt or
rope driven.

"Shipment eight weeks from Aug. 11th, 1906.

"Guaranteed weight 35,000 lbs.

"Confirmation of verbal order given you by Mr. Mather.
                    "The Caldwell Brothers Co.

"GFK—J.          By John Mather, General Manager,"

that on the preceding Saturday the probable weight of the
pump was discussed with reference to its capacity and with
reference to the freight charges; that the respondent had not
theretofore manufactured a pump of the capacity contem-
plated; that not knowing its probable weight, the parties
agreed upon 35,000 pounds as guaranteed in the order; that
the respondent did not manufacture the pump within the
time agreed; that on November 20, 1906, appellant's presi-
dent called upon the respondent in New York City, and learn-
ing that the manufacture of the pump had not yet been com-
menced, without expressly waiving any rights, then urged
the respondent to manufacture and ship it as soon as pos-
sible; that respondent did so, making the shipment on Decem-
ber 1, 1906; that it reached Seattle fifty-six days later than
it would had it been shipped at the time stipulated; that the
appellant received the pump, but was unable to install or use
it for several days thereafter, as a necessary concrete founda-
tion had not been prepared to receive it; that before receiv-
ing the pump, appellant learned from the bill of lading and
other sources of information, that it weighed not more than

27,400 pounds; that in a letter written to respondent on December 31, 1906, appellant complained of the light weight as affecting freight charges, but said, "If the pump will perform the work required of it, good and well"; that the pump, although lighter in weight, did perform the work required of it; that it possessed the power, capacity, and functions contemplated by the written order; that it was not less valuable than a similar pump weighing 35,000 pounds, and that the appellant sustained no damage by reason of delay in shipment.

Although no estoppel was pleaded, the trial court held the appellant was estopped from claiming damages, because it knew the actual weight before receiving the pump, and because it urged the respondent to manufacture and ship the pump after the time for shipment had expired. If the appellant did in fact sustain damages resulting from light weight, it was entitled to receive the pump actually shipped, and when shipped, recoup its losses by pleading its damages in this action. By accepting a pump of lighter weight, it only waived its right to insist upon the delivery of a pump weighing 35,000 pounds as guaranteed, but did not waive its right to any resulting damages which it sustained. In other words, if the pump weighing 27,400 pounds and actually received was less valuable than a similar pump weighing 35,000 pounds, appellant was entitled to recover such difference in value by recoupment in this action. If, however, it was equally valuable, notwithstanding its lighter weight, no damages resulted and no recovery therefor could be sustained.

At the time the order was given, the parties did not know the actual weight of a pump of the capacity desired and ordered. Evidence admitted disclosing such lack of knowledge was competent, not to vary the terms of the written contract, but as bearing upon any information the parties had, at the date of the order, as to whether 35,000 pounds weight was necessary to insure the stipulated capacity and power, appellant having waived the warranty as to weight

by receiving the lighter pump. If the lighter pump actually performed every function required of a pump of the weight ordered, and was equally serviceable, durable, and sound, it was also equally valuable, and no damage resulted. Applying this test, it appears from the evidence that the pump received was as valuable as the one ordered. This being true, the appellant, having received it, cannot now recover damages for its shortage in weight, the warranty as to weight being waived.

Shipment of the pump was delayed for fifty-six days. Appellant offered evidence to show that the fair rental value of the pump was $50 per day, and now claims $2,800 damages for rentals lost. A vendee injured by the breach of a vendor's contract to manufacture, sell, and deliver personal property within a specified time, is entitled to recover damages therefor, including gains prevented as well as losses sustained; but such damages to be recoverable must be actual and certain and must constitute such a loss as might be expected to naturally follow, or directly result from the breach. Mr. Mechem, at § 1757, of his work on Sales, citing *Hadley v. Baxendale*, 9 Exch. 341, and *Griffin v. Colver*, 16 N. Y. 489, 69 Am. Dec. 718, leading cases, says:

"The general rule governing the allowance of damages for breach of contract generally has in view the two conditions referred to in the preceding section. As stated in substance in the famous English case of *Hadley v. Baxendale*, and in the American case of *Griffin v. Colver*, that rule is this: The party who has broken his contract is liable to make compensation to the other for all such losses resulting from that breach as are either—

"(1) The ordinary, the usual, the commonly-to-be-expected consequences of such a breach of such a contract; or

"(2) The peculiar or unusual consequences of the breach of the particular contract in question, if, under the circumstances, it can fairly be said that both parties had those consequences in their contemplation, at the time the contract was made, as a probable result of its breach; and if those unusual consequences are neither uncertain in their nature nor remote as to their cause."

Appellant's claim for rentals comes within the second class, but there is not any competent evidence in the entire record showing, or tending to show, that the respondent was advised of, or had the least intimation of, the disposition or use the appellant intended to make of the pump. *Lowenstein v. Chappell*, 30 Barb. 241; *Landsberger v. Magnetic Telegraph Co.*, 32 Barb. 530. In *Griffin v. Colver, supra*, the court said:

"The broad general rule in such cases is that the party injured is entitled to recover all his damages, including gains prevented as well as losses sustained; and this rule is subject to but two conditions: the damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, that is, must be such as might naturally be expected to follow its violation; and they must be certain, both in their nature and in respect to the cause from which they proceed."

The theory upon which the appellant contends it is entitled to rents is that profits for the use of a pump could not be readily shown, but that the value of the rents could. Rents are therefore demanded as compensation in lieu of profits lost. There is nothing in the record to show that any such damage could have been within the contemplation of the parties when making the contract, or that they were actually sustained. The evidence does show that the pump was received before the appellant was ready to use it, or could use it. It is therefore manifest that appellant sustained no actual loss as a result of delay in shipment. Before it could recover rents as damages, it should in any event have shown an opportunity to actually rent the pump had it been promptly shipped. *Wagner v. Corkhill*, 40 Barb. 175. We are unable to find that the appellant has sustained any damages in the actual value of the pump, or in the delay in shipment.

The judgment is affirmed.

RUDKIN, C. J., PARKER, DUNBAR, and MOUNT, JJ., concur.