## ELLIOTT SUPPLY COMPANY, a Domestic Corporation, v. J. D. JOHNSON.

(159 N. W. 2.)

**Personal property — warranty of quality — breach of — executed contract — rescission — fraud — absence of.**

1. A person cannot for breach of warranty of the quality of personal property rescind an executed sale in the absence of fraud or an agreement authorizing a rescission.

**Counterclaim — evidence — damages — proof of — jury — questions for — verdict — motion for directed — error.**

2. Evidence examined and held insufficient to warrant a submission to the jury of the defendant's counterclaim, there being insufficient proof of damages occasioned by the breach of warranty therein alleged. It was therefore error to deny plaintiff's motion for a directed verdict.

**Damages — measure of — breach of warranty — quality of personal property.**

3. The true measure of damages for breach of warranty of the quality of personal property is the excess, if any, of the value which the property would have had at the time to which the warranty referred, if it had been complied with, over its actual value *at that time.*

Opinion filed July 19, 1916.

Appeal from District Court, Hettinger County, *Crawford,* J.

From a judgment in defendant's favor, plaintiff appeals.

Reversed and a new trial ordered.

*Harvey J. Miller,* for appellant.

A warranty is an agreement by which a seller assures to a buyer

the existence of some fact affecting the transaction, whether past, present, or future. A statement that "the machine is guaranteed and it will beat anything in this part of the country" is a mere boast. Esterly Harvesting Mach. Co. v. Berg, 52 Neb. 147, 71 N. W. 952.

The breach of a warranty of the quality or personal property on a sale, entitles the buyer to rescind unless it has become an executed contract. Comp. Laws 1913, § 5994.

A voluntary acceptance of the benefits of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known or might be known to the person accepting. Comp. Laws 1913, § 5866; Schager v. Dinneen, 33 S. D. 116, 144 N. W. 719; Schmidt v. Jutting, 31 S. D. 69, 139 N. W. 769; 35 Cyc. 429.

The use of a warranted machine after knowledge of defects, without offer to return as provided by the contract of sale, was an acceptance. Kingman v. Watson, 97 Wis. 596, 73 N. W. 438.

There being no evidence to the contrary, it is presumed that the property is worth the contract price. Comp. Laws 1913, § 7158; C. Aultman & Co. v. Ginn, 1 N. D. 402, 48 N. W. 336; Houghton Implement Co. v. Doughty, 14 N. D. 331, 104 N. W. 516.

The true measure of damages in case of a breach of warranty is the difference in value of the property as represented, and its actual value at the time. Comp. Laws 1913, § 7158; Houghton Implement Co. v. Doughty, supra.

Where a return of the property is offered, and a demand for the notes given therefor is made, these are elements of a rescission. 35 Cyc. 434; Comp. Laws 1913, §§ 5994, 7158.

But where the evidence clearly shows that the contract has been executed, no rescission can be had. Comp. Laws 1913, § 5994; Simonson v. Jenson, 14 N. D. 417, 104 N. W. 513.

Where the vendee continues to use the property after defects are discovered, without complaint to vendor, a rescission cannot be had. Bates v. Fish Bros. Wagon Co. 169 N. Y. 587, 62 N. E. 1094; Huyett & S. Mfg. Co. v. Gray, 124 N. C. 322, 32 S. E. 718; Osborne v. Dwyer, 13 Ill. App. 377; 35 Cyc. 429.

*Charles Simon,* for respondent.

For the purpose of determining its effect, the allegations of a plead-

ing will be liberally construed with a view of doing substantial justice. Comp. Laws 1913, § 7458.

A motion for judgment notwithstanding the verdict will not be sustained where there is any issue for the jury under the evidence. Nelson v. Grondahl, 12 N. D. 130, 96 N. W. 299.

A variance between the cause pleaded and the proof is not sufficient ground for such a judgment. Welch v. Northern P. R. Co. 14 N. D. 19, 103 N. W. 396.

And where it appears that a party can supply any defects in his proof, such a judgment will not be upheld, and a new trial will be ordered. Rieck v. Daigle, 17 N. D. 365, 117 N. W. 346.

Questions of fact shall not be reviewed in the supreme court in cases tried before a jury, unless a motion for a new trial is made in the court below. Comp. Laws 1913, § 7842; Landis Mach. Co. v. Konantz Saddlery Co. 17 N. D. 310, 116 N. W. 333; Patrick v. Nurnberg, 21 N. D. 377, 131 N. W. 254.

A warranty is express when the seller makes an affirmation with respect to the article sold, pending the treaty of sale, upon which it is intended that the buyer shall rely. 35 Cyc. 365.

No particular form of words is necessary to constitute a warranty. Where representations as to the property are made by the seller and it clearly appears that they are relied upon by the buyer, and furnish an inducement for him to buy, a warranty is created. 35 Cyc. 374.

There was ample evidence to support the verdict in this case, and its weight and sufficiency having been passed upon by the jury, this court will not interfere. Russell v. Olson, 22 N. D. 410, 37 L.R.A.(N.S.) 1217, 133 N. W. 1030, Ann. Cas. 1914B, 1069; Delvaux v. Kewaunee, G. B. & W. R. Co. 161 Wis. 554, 154 N. W. 380.

FISK, Ch. J. This appeal is from a judgment of the District court of Hettinger county. Plaintiff seeks to recover on a promissory note of $58.50. Defendant admits the execution and delivery of the note, and alleges by way of counterclaim that such note and a like amount of cash were given by the defendant to the plaintiff as the purchase price of three belt guides and shifts sold to defendant on August 3, 1912, under an alleged warranty as to the quality and fitness of the same for the uses and purposes for which they were sold. Facts showing a

breach of such warranty are alleged, and also facts showing that defendant relies upon a rescission of the sale for such alleged breach of warranty, and he demands the cancelation of the note and a recovery of the cash payment of $58.50, together with interest thereon from the date the same was paid.

The case was tried to a jury in the court below, and at the close of the testimony plaintiff moved for a directed verdict for the amount of the note with interest, on the ground and for the reason "that the amount due upon the note is not disputed; that as has been shown by the testimony of the defendant, the sale of the belt guides and shifts is an executed contract, and there was no rescission of that contract and no offer to return the property sold; that the property has never been returned, the company has never been notified of the defect or of the breach of warranty, and that there was no measure of damages proved on the part of the defendant and no testimony offered as to the amount of the damages." Such motion was denied, and the jury returned a verdict in defendant's favor as prayed for in the counterclaim. Thereafter a motion for judgment notwithstanding the verdict was made and subsequently denied, and the appeal is from the order denying such motion, and also from the judgment entered pursuant to the verdict.

Appellant has specified numerous alleged errors of law occurring at the trial, and in the charge to the jury it has also specified numerous instances wherein the evidence is alleged to be insufficient to support the verdict. We find it unnecessary to notice these specifications seriatim, but will, in a general way, merely state our views relative thereto.

Owing to the small sum involved, we are loath to disturb the judgment, but we feel impelled to do so for the following reasons, briefly stated:

Under the undisputed facts, an executed sale of the three belt guides and belt shifts was made by the plaintiff to the defendant (a dealer in farm machinery) on August 3, 1912. Defendant testified that he received such goods some time late in the season, and that one of the attachments was used by a Mr. Polchow, and one by a Mr. Schmidt. He states that Polchow used his about five days, but does not know how long Schmidt used his. He says that the plaintiff's agent, who nego-

tiated the sale, said "they are guaranteed and will beat any in this part of the country," and that he purchased them upon the strength of such representations. The whole tenor of defendant's testimony is to the effect that the attachments were warranted and that they did not fulfil the warranty, and he seems to rely for relief upon an alleged right to rescind the sale for breach of such warranty, although as to one of the attachments the proof wholly fails to show that it did not, in all things, fulfil the alleged warranty. He also testified that he used one of the guides and shifts for a period of three weeks, when it finally broke, doing damage to a cylinder pulley and belt. Notwithstanding the alleged inferior quality of such guides and shifts, no notice thereof seems to have been given to the plaintiff, and on February 27, 1913, defendant made settlement in full with the plaintiff by giving the note in suit and paying a like amount in cash. But he says this was done on the express understanding that if the belts and guides were not as warranted, he would not have to pay the note. There seems to be no proof that the belt guide and shift sold to Schmidt did not work satisfactorily, and, as far as the proof shows, he still retains the same.

There is testimony on the part of the plaintiff tending to show that in September, 1912, defendant expressed himself as entirely satisfied with these belt guides and shifts, and regretted that he had not ordered more of them, stating they were the best he had ever seen and were giving excellent satisfaction. This testimony seems to be corroborated to some extent at least by the fact that, in the following February, defendant made full settlement by paying one half cash and executing and delivering the note in suit. However, it is not our province to weigh the testimony further than to ascertain whether there is any sufficient evidence to support the verdict. We are inclined to the view that there is sufficient evidence to support a finding that the attachments were warranted to be reasonably suitable for the purposes for which they were sold, and that as to two of them, such warranty was breached, and that notwithstanding the fact that the plaintiff settled for the attachments in February, 1913, he may nevertheless recover for any damages suffered through such breach of warranty, provided the settlement was a conditional one as testified to by defendant.

But the trouble with defendant's case is that he apparently relied wholly upon an alleged right to rescind the sale. It is obvious, however,

that he has no such right, it being an executed sale, and there being no reservation of a right of rescission in case of a breach of the warranty, nor any fraud shown.

Section 7158, Compiled Laws 1913, provides that the breach of a warranty entitles the buyer to rescind an agreement for sale, but not an executed sale, unless the warranty was intended by the parties to operate as a condition. See also Simonson v. Jenson, 14 N. D. 417, 104 N. W. 513.

Both in his answer and in his proof, defendant has evidently relied upon a right of rescission, and, in so doing, has failed to furnish any basis in the proof for the recovery of damages as for a breach of warranty. He has failed to make proof of his damage. It was error, therefore, to deny plaintiff motion for a directed verdict and as a result a new trial must be ordered.

We have examined the instructions complained of and find no substantial merit in appellant's criticism thereof, although the learned trial court evidently, through inadvertence, committed a technical error in instructing as to the measure of damages. The true measure of damages for a breach of warranty as defined by § 7158, Compiled Laws, is the excess, if any, of the value which the property would have had at the time to which the warranty referred if it had been complied with over its actual value at that time; but the trial court instructed that "the measure of damages is the difference in value of the articles if they had been as warranted and the value of the articles *as they are.*"

The trial court should also have restricted the recovery of damages to the two guides and shifts which, the proof shows, failed to comply with the warranty. For the above reasons, the judgment must be reversed and the cause remanded for further proceedings according to law. It is so ordered.