(July 30, 1923.)

## IDA MULHALL and WILLIAM MULHALL, Respondents, v. LEE LUCAS, Appellant.

[217 Pac. 266.]

FRAUD—RESCISSION—LOSS OF RIGHT—RECOGNITION OF CONTRACT—USE OF PROPERTY—TREATING IT AS ONE'S OWN.

1. It is error to instruct that, in order to be entitled to rescind on the ground of fraud, a purchaser must prove that the thing bought is of no value for the purpose intended.

2. Equity will not grant a purchaser the right to rescind if, after he has knowledge of the facts which entitle him to do so, he deals affirmatively with the subject of the contract in such a way as to recognize its validity.

3. Taking possession of the article and treating it as one's own, after knowledge of the facts, defeats the right to rescind.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action on promissory note. Judgment for plaintiff. *Affirmed.*

Fred E. Butler and Edward C. Butler, for Appellant.

Notice of rescission not required where futile, but sufficient notice given under the circumstances of this case, and appellant's tender sufficient in point of time. (*Triplett v. Rugby etc. Co.,* 66 Ark. 219, 49 S. W. 975; *Gale etc. Co. v. Stark,* 45 Kan. 606, 23 Am. St. 739, 26 Pac. 8; 35 Cyc. 155, note 64; Black, Rescission, sec. 624, p. 1439.)

Instructions complained of erroneous because if there was a timely rescission of contract there could be no liability on the note and no question of value for "breeding purposes" in this case. (Black, Rescission, p. 1439; *Gale v. Stark, supra.*)

W. H. Plummer and Eugene A. Cox, for Respondents, cite no authorities.

McCARTHY, J.—This is an action on a promissory note in the principal sum of $541, given by appellant to respondent Wm. Mulhall July 30, 1918, for the purchase price of a pure-bred bull and heifer, and assigned to respondent Ida Mulhall. The note was due and payable August 30, 1918. Appellant attempted a rescission of the contract on the ground of fraud.

The answer alleges appellant desired to acquire a herd of pure-bred shorthorn cattle, and respondent Wm. Mulhall agreed to sell him a registered bull and heifer, not related, for the purpose of beginning such a herd; that appellant, relying on the statements and representations of said respondent, believed that the bull and heifer sold to him by respondent were not related, but that they were, being half brother and half sister to each other; that, within less than ten days after he discovered the truth, appellant notified said respondent the cattle were related, and he would not pay the note, and tendered back the cattle. The jury found for respondents, and from a judgment in their favor for the principal amount, interest and attorney fee, this appeal is taken.

The principal assignment of error is that the court erred in instructing the jury in effect that they could not find for appellant unless they found the cattle were not of any value for breeding purposes. We conclude that this was an erroneous instruction. The answer, while not as well drawn as it might be, does substantially set up the defense that the bull and heifer were represented to be not related, that they were in fact related, and that this rendered them less valuable for the purpose for which they were bought. It was not seriously contended, and was not necessary to prove, that they were of no value for breeding purposes.

For other reasons, however, we conclude that this error in the instructions was not reversible. While it is stated in the answer that no consideration was given for the promis-

sory note, it is not and cannot be seriously contended that there is any evidence tending to show utter lack of consideration. The true theory of the defense is that appellant was misled by a false representation of fact, that the cattle were not as valuable for the purpose intended as they were represented to be, and that, when he became aware of this, he rescinded the contract. While the question was not raised in the trial below, the rules applicable to rescission must be applied. The uncontradicted evidence shows that the cattle were bought on July 30, 1918, and that about August 30, 1918, appellant learned that they were related. He did not address a communication to respondent Wm. Mulhall, complaining of this fact and attempting to rescind the contract, until March 23, 1919, almost seven months later. His explanation that he did not know where Mulhall lived is unsatisfactory in view of the evidence. It is shown that, at the time of the sale, Mulhall lived at Fenn, where he had lived for about seventeen years. While he was selling out with the intention of moving, he stayed there three months after the sale and left directions for forwarding his mail. The uncontradicted evidence also shows that, while appellant did not breed the heifer to the bull, he did use them both for breeding purposes with other stock, getting one calf from the heifer and one calf by the bull. He tendered back the calf from the heifer, along with the bull and heifer, when he attempted to rescind. In asking to rescind his contract appellant invokes the aid of equity. Equity will not grant a purchaser the right to rescind if, after he has knowledge of the facts which entitle him to do so, he deals affirmatively with the subject of the contract in such a way as to recognize its validity. Among the acts which have that effect is taking possession of the property and treating it as his own. (*Wilson v. Sunnyside Orchard Co.*, 33 Ida. 501, 196 Pac. 302, and cases therein cited.) In this case appellant retained the bull and heifer and used them as his own for breeding purposes. The fact that he did not breed them to each other is immaterial. While there is no express testimony that he so used the cattle after learn-

ing they were related, an irresistible inference to that effect arises from the evidence. We therefore conclude that the evidence shows appellant had no right to rescind the contract at the time and in the manner in which he attempted to do so. The error in the instruction given therefore becomes nonprejudicial and the judgment should be affirmed. It is so ordered, with costs to respondents.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.